# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40192
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EFRAIN BALDIVIA, III,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:14-CR-31-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Efrain Baldivia, III, appeals the 24-month sentence imposed after revocation of the supervised release term attendant to his conviction for possession with intent to distribute controlled substances. He argues for the first time that the district court impermissibly based the above-guidelines sentence on the seriousness of the offense and the need to provide just

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

punishment in violation of *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011). *See* 18 U.S.C § 3553(a)(2)(A).

Because in the district court Baldivia did not object to the sentence, review is for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). Under the plain error standard, Baldivia must show a plain (clear or obvious) forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

Baldivia, however, has not met this standard as the district court's revocation sentence was permissibly based on the "nature" of the allegations of the supervised release violations that it found to be true, not on the "seriousness" of those alleged offenses. *See* § 3553(a)(1); *Miller*, 634 F.3d at 844. The non-guidelines sentence does not rise to the level of plain error given Baldivia's history and characteristics, the need to deter future criminal conduct, and the need to protect the public. *See* § 3553(a)(1), (a)(2)(B)-(C); *Miller*, 634 F.3d at 844 .

AFFIRMED.